IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CRAIG KNIGHT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) 2:12-CV-303-APR |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
|     Defendant. | ) |

OPINION AND ORDER

This matter is before the court on the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 22] filed on October 23, 2013. For the following reasons, the motion is **DENIED.**

*Background*

The plaintiff, Craig Knight, applied for Disability Insurance Benefits and Supplemental Secuirty Income, alleging an onset date of March 7, 2007. His application initially was denied and also was denied upon reconsideration. He requested a hearing, and one was held before Administrative Law Judge Kathleen Mucerino. After the hearing, the ALJ issued an unfavorable decision. The Appeals Council denied review and Knight appealed the decision to this court. On August 5, 2013, this court remanded this case to the Commissioner for further proceedings.

In its Opinion and Order, the court explained that the ALJ relied on Dr. Bautista's opinion to contradict the opinions of Knight's treating physician, Dr. Ahmed. However, the ALJ did not state the weight she assigned to Dr. Bautista's opinion. The Commissioner explained

1

that this was because Dr. Bautista's opinion was of "little value". If this was true, then the ALJ did not provide a reliable explanation of the objective medical evidence that contradicted Knight's treating physician's opinion. The court found that there was a "lack of clarity" on how Dr. Ahmed's opinion conflicted with the medical evidence of record and noted that the ALJ's opinion consisted primarily of the opinions of non-examining state agency physicians without adequate explanation.

The court also stated that it could not discern whether the ALJ considered all of the notes prepared by two of Knight's treating physicians, Dr. Jabri and Dr. Gopen. Although the ALJ cited to one note prepared by Dr. Jabri, it was not clear that the ALJ considered the notes in their entirety, nor did the ALJ explain the weights he assigned to either Dr. Jabri's or Dr. Gopen's opinions or why the notes were not consistent with Dr. Ahmed's. The court was unable to discern the basis of the ALJ's decision to reject Dr. Jabri's or Dr. Gopen's opinions that arguably bolstered the opinion of Dr. Ahmed, and for this reason the court remanded.

The Commissioner argued that further consideration of Dr. Jabri and Dr. Gopen's opinions was not warranted because they did not include opinions of Knight's functional deficiencies. The court rejected this argument, explaining that the ALJ cannot ignore the opinions and medical notes of the claimant's treating physicians and that it could not be certain that the ALJ considered these opinions in their entirety because the ALJ failed to discuss this evidence and did not minimally articulate why she rejected the medical evidence as she was required to do. The court also noted that the ALJ would need to reassess Knight's ability to use his hands when reconsidering the opinions prepared by Drs. Jabri and Gopan.

Because the court was unable to determine whether the ALJ considered or gave

appropriate weight to the opinions of Dr. Ahmed, Dr. Jabri, or Dr. Gopen, the court further directed the ALJ to reconsider whether Knight satisfied Listing 11.14.  If, on remand, the ALJ did not consider this Listing to be satisfied, the court directed the ALJ to explain why the medical notes referring to Knight's neuropathies, unstable gait, and difficulty using his hands and fingers was not supported and did not satisfy the requirements.

Knight further complained that the ALJ failed to consider that he might have been non-compliant with treatment because of his mental impairments and change of insurer.  The court acknowledged that the evidence was scant that Knight had mental health or financial problems that contributed to his non-compliance, but directed the ALJ to elicit the reasons for Knight's non-compliance on remand.  Similarly, Knight complained that the ALJ did not consider his side effects.  However, Knight reported on three occasions that he did not have any side effects.  The court again agreed that the evidence showing that Knight experienced side effects was weak, but directed the ALJ to reconsider the issue because Knight's claim was being remanded on other grounds.

Knight's attorney now moves for attorney's fees under the Equal Access to Justice Act. The Commissioner opposes, arguing that her position was substantially justified.

*Discussion*

The EAJA allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner of Social Security "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." **28 U.S.C. § 2412(d)(1)(A)***; see also* ***Commissioner, I.N.S. v. Jean****,* 496 U.S. 154, 154, 110 S.Ct.

3

2316, 110 L.Ed.2d 134 (1990*); Golembiewski v. Barnhart*, 382 F.3d 721, 723-34 (7th Cir. 2004).  A fee application must be filed within thirty days of a court's final judgment and must satisfy the following requirements:  (1) a showing that the applicant is a "prevailing party;" (2) a showing that the application is "eligible to receive an award;" (3) a showing of "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in[sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed;" and (4) an "alleg[ation] that the position of the United States was not substantially justified."  **28 U.S.C. § 2412(d)(1)(B);** *see also* **Scarborough v. Principi,** 541 U.S. 401, 405, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004); **United States v. Hallmark Constr. Co**., 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)(A) & (B))).

Considering whether the Commissioner was substantially justified, the court is to analyze the "position of the United States," which refers to the conduct of the Commissioner throughout the civil action, including pre-litigation conduct.  **28 U.S.C. § 2412(d)(2)(D)**; *Golembiewski*, 382 F.3d at 724; *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994).  The trial court must consider whether the Commissioner's pre- and post-litigation "position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced."  *Golembiewski*, 382 F.3d at 724 (citing *Hallmark Constr*., 200 F.3d at 1080).  A court should evaluate the factual and legal support for the Commissioner's position throughout the entire proceeding.  *See Hallmark Constr*., 200 F.3d at 1080.  A court need only make one determination regarding the Commissioner's conduct during the entire civil action.  *Jean*, 496

U.S. at 159, 110 S.Ct. at 2319; *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996).  "[F]ees may be awarded in cases where the government's prelitigation conduct was not substantially justified even though its litigation position may have been substantially justified and vice versa." *Marcus*, 17 F.3d at 1036.  The court must undertake a global analysis of the government's position because whether that position was substantially justified will rarely be decided by a single issue.  *See Hallmark Constr.*, 200 F.3d at 1080.

Although the EAJA does not define "substantial justification," the Supreme Court has defined the term to mean "justified to a degree that could satisfy a reasonable person."  *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *see also Golembiewski*, 382 F.3d at 724.  Expanding on this definition, the Seventh Circuit has explained, "'Substantially justified' does not mean 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute,' or if reasonable people could differ as to the appropriateness of the contested action."  *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (citing *Pierce*, 487 U.S. at 565, 108 S.Ct. at 2550); *Church v. Astrue*, 496 F.Supp.2d 964, 966 (N.D. Ind. 2007) ("[I]f an agency had 'a rational ground for thinking it had a rational ground for its action," the Commissioner's position is substantially justified.'" (citing *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994)).  When conducting this analysis, the court should consider whether the ALJ's decision plausibly was supported by evidence of record and whether the Commissioner's position was supported by applicable law.  *Church*, 496 F.Supp.2d at 966 (citing *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006); *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994)).  The substantial justification standard is different than the substantial evidence standard, which is used to evaluate the merits of a claimant's request for remand.  *See*

*Pierce*, 487 U.S. at 568-69, 108 S.Ct. at 2552. Thus, a loss on the merits does not automatically constitute a lack of substantial justification. *See Pierce*, 487 U.S. at 569, 108 S.Ct. at 2252. The Commissioner bears the burden of proof in showing that the government's litigation position was substantially justified. *See Pierce*, 487 U.S. at 565, 108 S.Ct. at 2561; *Golembiewski*, 382 F.3d at 724.

Here, the ALJ failed to articulate fully the weight she assigned to Knight's treating physicians' opinions or the reasons why she discredited their opinions. The court acknowledged that the ALJ considered these opinions, as was documented by her citation to the records, but the court could not be certain that the records were considered in their entirety. In *Cunningham*, the Seventh Circuit explained that the failure to connect the dots of her analysis was not the same as failing to discuss the basis of her determination at all. *Cunningham*, 440 F.3d at 865. The court determined that the because the ALJ made a general reference to medical evidence which supported the Commissioner's position, although she did not cite to the direct evidence at issue, the Commissioner's position was substantially supported, and the court denied fees. *Cunningham*, 440 F.3d at 865.

The Seventh Circuit has recognized that the "level of articulation required is far from precise." *Stein v. Sullivan*, 966 F.2d 317, 319 (7th Cir. 1992). The requirement that the ALJ articulate her reasoning is flexible, and an ALJ's failure to satisfy this articulation requirement does not equate to a finding that the Commissioner's position was not substantially justified. *Stein*, 966 F.2d at 320. In *Stein*, the court explained that the Commissioner was substantially justified because, in remanding the case, the court held only that there was some contrary evidence that the ALJ failed to consider or to articulate that he considered. *Stein*, 966 F.2d at

6

320.  The court found that the ALJ's explanation was insufficient, not that it was unsupported in its entirety.  *Stein*, 966 F.2d at 320.

The same is true here.  There was evidence of record that supported the Commissioner's position.  The ALJ cited to evidence that contradicted Dr. Ahmed's opinion and both Dr. Jabri and Dr. Gopen's notes, but she failed to articulate fully how the evidence impacted her disability determination.  This was not a matter of the ALJ failing to provide any discussion.

Specifically, the court explained that the ALJ cited to some objective medical evidence to support her conclusion that Dr. Ahmed's assessment of Knight's functional abilities was not supported.  However, she relied predominately on Dr. Bautista's opinion, which the Commissioner argued was "of little value".  The court remanded for the ALJ to explain this contradiction and to identify the reliable evidence that contradicted Dr. Ahmed's decision.  The court further noted that there was a "lack of clarity on how Dr. Ahmed's opinion conflicted with the medical evidence of record".  [DE 20 p. 15]  The court also acknowledged that there was "little reference" to the medical notes prepared by Dr. Jabri and Dr. Gopen.  The court explained that a single citation to a treating physician's notes is not sufficient to show that the notes were considered in their entirety.  Because the ALJ did not provide enough explanation, the court directed her to reconsider the RFC and Listing analysis on remand.  This is not to say that there was no explanation. Rather, the ALJ was directed to expand on her explanation.

Later, the court noted that the evidence was scant that Knight had a mental health or financial problem that contributed to his non-compliance with treatment.  However, the court directed to the ALJ to inquire about the reasons Knight failed to comply on remand.  Similarly the court directed the ALJ to consider the side effects Knight experienced because Knight's

7

claim was being remanded on other grounds. On these two issues, the court recognized that Knight's position was weak. Therefore, the court agrees that the Commissioner was substantially justified to dispute this.

Overall, the ALJ's errors were the result of her failure to articulate fully her position. She provided some evidence and some discussion, but she did not explain her decision to the full extent required. Such a failure does not render the Commissioner's position unjustified. For these reasons, Knight's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 22] is **DENIED.**

ENTERED this 26th day of February, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge