IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| CRAIG KNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12-cv-303 |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

This matter is before the court on the Plaintiff's Motion to Alter or Amend Judgment Pursuant to F.R.C.P. 59(e) [DE 26] filed on March 26, 2014. For the following reasons, the motion is **DENIED.**

*Background*

The plaintiff, Craig Knight, applied for Disability Insurance Benefits and Supplemental Security Income, alleging an onset date of March 7, 2007. He was denied benefits at all stages of the administrative proceedings and appealed to this court. This court remanded Knight's claim for further consideration. In its Opinion and Order, the court explained that the ALJ relied on Dr. Bautista's opinion to contradict the opinions of Knight's treating physician, Dr. Ahmed, but failed to state the weight she assigned to Dr. Bautista's opinion. The Commissioner argued that this was irrelevant because Dr. Bautista's opinion was of little value, but the court stated that if this was true, the ALJ did not provide a reliable explanation of the objective medical evidence that contradicted Knight's treating physician. The court noted that there was a "lack of clarity" on how Dr. Ahmed's opinion conflicted with the medical evidence of record.

1

The court further determined that it could not discern whether the ALJ considered the notes prepared by two of Knight's treating physicians, Drs. Jabri and Gopen. The ALJ cited to Dr. Jabri's notes but did not articulate her reasons for rejecting the opinions. The court instructed the ALJ to reconsider Knight's ability to use his hands on remand.

On October 23, 2013, Knight filed a motion for attorney's fees, arguing that the Commissioner's decision was not substantially justified. The court denied Knight's motion, explaining that the ALJ's errors were not the result of her failure to support her opinion with any evidence. Rather, she cited to evidence to support her position but did not fully articulate the reasons why the evidence agreed with her final determination. Because the Seventh Circuit has recognized that the amount of explanation is not precise, the court found that the Commissioner's position was substantially justified.

In doing so, the court explained that the ALJ pointed to Dr. Bautista's notes to reject the opinion of Knight's treating physician, Dr. Ahmed. Because she did not state the weight that she assigned to Dr. Bautista's opinion, and the Commissioner argued that Dr. Bautista's opinion was of little value, the court remanded for further explanation. Similarly, the ALJ cited to Dr. Jabri's notes, indicating that they were considered, and cited to evidence that contradicted Dr. Jabri's and Dr. Gopan's opinions, but did not fully articulate how their notes impacted her determination. The court noted that a single citation was not sufficient to show that the notes were considered in their entirety, but that this was not to say that there was no explanation. Knight now asks the court to reconsider its Opinion and Order denying attorney's fees.

*Discussion*

Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of

2

Civil Procedure." **Hope v. United States**, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994). *See also* **Talano v. Northwestern Medical Faculty Foundation, Inc.**, 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." **Ahmed v. Ashcroft**, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted); *see also* **Seng-Tiong Ho v. Taflove**, 648 F.3d 489 (7th Cir. 2011) (explaining that a court can amend its judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence)(citing **Obriecht v. Raemisch**, 517 F.3d 489, 494 (7th Cir. 2008); **U.S. v. Ligas**, 549 F.3d 497, 501 (7th Cir. 2008)("A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it."). In **Frietsch v. Refco, Inc.**, 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

56 F.3d at 828. *See also* **Oto v. Metropolitan Life Insurance Company,** 224 F.3d 601, 606 (7th Cir. 2000)("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); **Divane v. Krull Electric Company**, 194 F.3d 845, 850 (7th Cir. 1999); **LB Credit Corporation v. Resolution Trust Corporation**, 49 F.3d 1263, 1267 (7th Cir. 1995). Ultimately, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." **Global View**

*Ltd. Venture Capital v. Great Central Basin Exploration*, 288 F. Supp.2d 482, 483 (S.D.N.Y. 2003)(internal quotation omitted).

Knight asks the court to reconsider its order denying his motion for attorney's fees, arguing that the court made an error of law. Specifically, Knight argues that the ALJ's error was not in her failure to articulate her position fully, rather she failed to state the amount of evidence she assigned to medical opinions and ignored entire lines of evidence. Knight has not demonstrated that the court made a clear error of law. Rather, Knight attempts to re-hash the same arguments he raised in his original motion.

As the court explained in its original Opinion and Order on Knight's motion for attorney's fees, the ALJ cited to some objective medical evidence, namely Dr. Bautista's examination, to support her conclusion that Dr. Ahmed's assessment of Knight's functional abilities was not supported. However, she did not state the weight that she assigned to Dr. Bautista's opinion. The Commissioner stated that this was harmless error because Dr. Bautista's opinion was of little value. The court explained that if it accepted this as true, as Knight would have advocated because Dr. Bautista's opinion was contrary to the conclusion he sought, the ALJ's opinion would have been supported in part by evidence of "little value". Therefore, the court could not conclude that the ALJ supported her decision with substantial evidence. The court remanded the decision not because of the ALJ's failure to assign weight but because of the lack of explanation to support her rejection of Dr. Ahmed's testimony. It is not clear how remanding the matter only for the ALJ to state the weight would have impacted the decision considering that the Commissioner agreed with the position Knight would have taken. As the court stated, this was not a matter of the ALJ failing to provide any evidence or discussion.

Rather, she pointed to some evidence but did not fully articulate how that evidence supported her opinion.

Knight also complains that the ALJ ignored the entire line of evidence concerning his severe diabetic neuropathy and stiff fingers, and because the ALJ did not address the evidence that supported limitations in the use of his hands, the ALJ could not have evaluated his functional limitations properly.  However, the record was clear that the ALJ considered Knight's stiffness and neuropathy.  She referred to these conditions as set forth by Dr. Ahmed and explained her reasons for rejecting it.  Although Drs. Gopan and Jabri likewise made notes related to these conditions, this was not a matter of the ALJ rejecting a line of evidence in its entirety.  In addition, as the court previously explained, the record reflected that the ALJ considered Dr. Jabri's notes, although her single citation was not sufficient to explain her decision.  For these reasons, the court does not find that the ALJ ignored an entire line of evidence but that she failed to fully articulate her decision.

Based on the foregoing reasons, Knight's Motion to Alter or Amend Judgment Pursuant to F.R.C.P. 59(e) [DE 26] is **DENIED.**

ENTERED this 13th day of August, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge